UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLA S. SEKULA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>FCA US LLC,<br><br>　　　　　　Defendant. | No. 1:17-cv-00460-DAD-JLT<br><br>ORDER DENYING PLAINTIFF'S MOTION TO REMAND<br><br>(Doc. No. 11) |

On June 20, 2016, plaintiff Carla S. Sekula filed this action against defendant FCA US LLC ("FCA") in the Tulare County Superior Court, alleging state law causes of action for breaches of express and implied warranties under the Song-Beverly Consumer Warranty Act, California Civil Code § 1790 et seq. (the "Song-Beverly Act"), and fraudulent concealment. (*See* Doc. No. 1-1.)[1] Defendant removed the action to this court on March 30, 2017, on the basis of diversity jurisdiction. (Doc. No. 1.)

On June 5, 2017, plaintiff filed the instant motion to remand the case to state court, arguing that defendant FCA had failed to establish both complete diversity of citizenship of the parties and that the amount in controversy exceeds $75,000, as required by 28 U.S.C. § 1332. (Doc. No.

---

[1] Plaintiff also this action against defendant Tulare Sag, Inc. However, the state court subsequently dismissed that defendant from the action. (*See* Doc. No. 1 ¶ 8.)

1

11.) Defendant did not file an opposition to the motion. The court heard oral argument on August 1, 2017. Attorney Alastair F. Hamblin appeared telephonically on behalf of plaintiff, and attorney Kristi Livedalen appeared telephonically on behalf of defendant. At the hearing, the court granted defendant leave to file an opposition within two weeks, and granted plaintiff leave to file a reply one week thereafter. On August 15, 2016, defendant filed its opposition. (Doc. No. 15.) Plaintiff did not file a reply.

Having considered the parties' written submissions and oral argument, and for the reasons set forth below, plaintiff's motion to remand will be denied.

## LEGAL STANDARD

A defendant in state court may remove a civil action to federal court so long as that case could originally have been filed in federal court. 28 U.S.C. § 1441(a); *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997). Thus, removal of a state action may be based on either diversity jurisdiction or federal question jurisdiction. *City of Chicago*, 522 U.S. at 163; *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Removal jurisdiction is based entirely on federal statutory authority. *See* 28 U.S.C. § 1441 et seq. These removal statutes are strictly construed, and removal jurisdiction is to be rejected in favor of remand to the state court if there are doubts as to the right of removal. *Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 667 (9th Cir. 2012); *Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010); *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The defendant seeking removal of an action from state court bears the burden of establishing grounds for federal jurisdiction, by a preponderance of the evidence. *Geographic Expeditions*, 599 F.3d at 1106–07; *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009); *Gaus*, 980 F.2d at 566–67. The district court must remand the case "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c); *see also Smith v. Mylan, Inc.*, 761 F.3d 1042, 1044 (9th Cir. 2014); *Bruns v. NCUA*, 122 F.3d 1251, 1257 (9th Cir. 1997) (holding that remand

/////

/////

2

for lack of subject matter jurisdiction "is mandatory, not discretionary").[2]

## DISCUSSION

Plaintiff contends that defendant FCA failed to establish facts necessary to support diversity jurisdiction in the federal courts. Diversity jurisdiction exists in actions between citizens of different states where the amount in controversy exceeds $75,000 exclusive of interest and costs. 28 U.S.C. § 1332.

**A.     Citizenship of Defendant FCA**

Section 1332 first requires complete diversity of citizenship, and the presence "of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 679 (9th Cir. 2006) (citations omitted). For purposes of diversity jurisdiction, a natural person is a citizen of the state in which she is domiciled, and she is presumptively domiciled at her place of residence. *See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983); *accord Naegele v. Tonius*, 320 F. App'x 550, 551 (9th Cir. 2009).[3] A corporation, including one incorporated in a foreign country, is a citizen of its place of incorporation and its principal place of business. 28 U.S.C. § 1332(c)(1); *Nike, Inc. v. Comercial Iberica de Exclusivas Deportivas, S.A.*, 20 F.3d 987, 990 (9th Cir. 1994). A limited liability company is a citizen of all the states of which its owners or members are citizens. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

As to plaintiff's citizenship, the only evidence now before the court is the allegation in plaintiff's complaint that she resides in California. (*See* Doc. No. 1-1 ¶ 1.) On defendant's motion to remand, neither party disputes that plaintiff is a citizen of California. Thus, absent any countervailing evidence or argument, the court finds plaintiff more likely than not to be a citizen of the state of California.

---

[2]  An order remanding a case based on a lack of subject matter jurisdiction is not appealable. 28 U.S.C. § 1447(d); *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 638–39 (2009).

[3]  Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36-3(b).

3

In its notice of removal and accompanying declaration, defendant FCA states that (1) FCA is a limited liability company organized under the laws of the state of Delaware; (2) the sole member of FCA is FCA North America Holding LLC ("FCA North America"), a limited liability company organized under the laws of the state of Delaware; and (3) the sole member of FCA North America is Fiat Chrysler Automobiles, N.V., a publically traded company (*naamloze vennootschap*) incorporated under the laws of the Netherlands, and with its principal place of business in London, England. (Doc. No. 1 ¶¶ 11, 14–16; Doc. No. 1-10 ¶¶ 2–4, 7–9.) Because both defendant FCA and its sole member FCA North America are limited liability companies, their citizenship ultimately depends on the citizenship of Fiat Chrysler Automobiles, N.V. Accordingly, based on the evidence presented, defendant FCA is more likely than not a citizen of the Netherlands and England, for purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332(c)(1).

For these reasons, the court concludes that this is an action between citizens of different states or foreign states.[4]

**B.     Amount in Controversy**

In addition to diversity of citizenship, the party asserting diversity jurisdiction also bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). The amount in controversy, which must be determined as of the date of removal, *see Conrad Assoc. v. Hartford Accident & Indem. Co.*, 994 F. Supp. 1196, 1200 (N.D. Cal. 1998) (citing *Miranti v. Lee*, 3 F.3d 925, 928 (5th Cir. 1993) and *United Farm Bureau Mut. Ins. Co. v. Human Relations Comm'n*, 24 F.3d 1008, 1014 (7th Cir. 1994)), "is simply an estimate of the total amount in dispute, not a prospective assessment of [the] defendant's liability," *Lewis v. Verizon Comm. Inc.*,

---

[4] In opposing remand, plaintiff argues that the declaration of FCA's senior staff counsel, which accompanies its notice of removal, is insufficient evidence to establish the citizenship of both plaintiff and defendant FCA. The court is unpersuaded, and as noted above, finds that defendant has sufficiently carried its burden of establishing diversity of citizenship. *See, e.g.*, *Kotulski v. FCA US, LLC*, No. 3:17-cv-00527-AJB-BGS, 2017 WL 2705429, at *4 (S.D. Cal. June 23, 2017) (rejecting the objections to a substantially similar declaration by FCA's counsel); *Alvarado v. FCA US, LLC*, No. 5:17-cv-00505-JGB-DTB, 2017 WL 2495495, at *5 n.6 (C.D. Cal. June 8, 2017) (finding "no reason to question [FCA's counsel's] knowledge of the corporate and legal status of entities that are related to his employer").

627 F.3d 395, 400 (9th Cir. 2010). "In calculating the amount in controversy, a court must assume that the allegations in the complaint are true and that a jury will return a verdict for plaintiffs on all claims alleged." *Page v. Luxottica Retail North Am.*, No. 2:13-cv-01333-MCE-KJN, 2015 WL 966201, at *2 (E.D. Cal. Mar. 4, 2015) (citing *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008)); *accord Campbell v. Vitran Express, Inc.*, 471 F. App'x 646, 648 (9th Cir. 2012).[5]

In removing this case, defendant contends that the damages, penalties, and attorney's fees sought in this case amount to more than $75,000. The court addresses each matter in turn below.

     1.     <u>Damages</u>

In an action brought pursuant to the Song-Beverly Act, a plaintiff may recover "in an amount equal to the actual price paid or payable by the buyer," reduced by "that amount directly attributable to use by the buyer." Cal. Civ. Code § 1793.2(d)(2)(B)–(C). The actual price paid or payable includes paid finance charges. *Mitchell v. Blue Bird Body Co.*, 80 Cal. App. 4th 32, 37–38 (2000). Moreover, the amount directly attributable to use by the buyer "shall be determined by multiplying the actual price of the new motor vehicle paid or payable by the buyer . . . by a fraction having as its denominator 120,000 and having as its numerator the number of miles traveled by the new motor vehicle prior to the time the buyer first delivered the vehicle . . . for correction of the problem that gave rise to the nonconformity." Cal. Civ. Code § 1793.2(d)(2)(C).

According to the sales contract attached to plaintiff's complaint, plaintiff agreed to purchase a new 2013 Dodge Durango with an $8,500.00 down payment, $35,108.88 in financing, and $15,621.60 in finance charges,[6] for a total price of $59,230.48. (Doc. No. 1-1, Ex. 1.) The sales contract also indicates that the vehicle had 17 miles at the time of purchase. (*See id.*) In opposing remand, defendant FCA presents its records indicating that plaintiff's vehicle had 1,028

---

[5] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36-3(b).

[6] The amount of finance charges actually paid is likely considerably less than $15,621.60, given that the final payment under sales contract is due in 2019. For purposes of calculating the amount in controversy here, the court will adopt defendant's estimate of $10,000.00 in paid finance charges, for a total price of $53,608.88.

5

miles during its first relevant repair request on September 21, 2013. (*See* Doc. No. 15-9.) Therefore, the amount directly attributable to use by plaintiff shall be $451.65.[7] As a result, plaintiff would be entitled to at most $53,157.23 in damages.

### 2. Civil Penalties

A buyer who establishes a willful violation of the Song-Beverly Act may recover a civil penalty of up to "two times the amount of actual damages." Cal. Civ. Code § 1794(c). Thus, plaintiff may be entitled to an additional $106,314.46 in civil penalties.

### 3. Attorney's Fees

Finally, the Song-Beverly Act provides for the award of attorney's fees. Cal. Civ. Code § 1794(e). "[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy." *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998). However, courts in this circuit are split as to whether future attorney's fees—as opposed to only fees incurred as of the time the suit is filed—should be considered when determining the amount in controversy. *See, e.g.*, *Hernandez v. Towne Park, Ltd.*, No. CV 12-02972 MMM JCGX, 2012 WL 2373372, at *19 (C.D. Cal. June 22, 2012) (collecting cases); *Reames v. AB Car Rental Servs., Inc.*, 899 F. Supp. 2d 1012, 1018 (D. Or. 2012) (same). Here, neither party presents evidence of actual or anticipated attorney's fees incurred in this case.

In sum, the amount in controversy at issue in this case is more likely than not at least $159,471.69.

/////
/////
/////
/////
/////
/////

---

[7] $53,608.88 \times ((1{,}028 - 17) / 120{,}000) = \$451.65$. *See* Cal. Civ. Code § 1793.2(d)(2)(C).

**CONCLUSION**

For the reasons set forth above, the court concludes that defendant has established complete diversity of citizenship between the parties and an amount in controversy in excess of $75,000. Accordingly, plaintiff's motion to remand (Doc. No. 11) is denied.

IT IS SO ORDERED.

Dated: **August 30, 2017**

*Dale A. Drozd*
UNITED STATES DISTRICT JUDGE